UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x          12-cv-3486 (CBA)(VMS)
RICHARD ALEXANDER,
                                    Plaintiff,

                                                                      AMENDED COMPLAINT

          -against-
                                                                      JURY DEMAND

THE CITY OF NEW YORK, DETECTIVE
CHARLES STEWART (Shield # 2387; Tax #
929215) and DETECTIVE ALBERT JACKSON
(Shield # 3573; Tax # 933969,
                                    Defendants.
-----------------------------------------------------------x

Richard Alexander (hereinafter "plaintiff"), by his attorney(s) The Law Offices of Wale

Mosaku, P.C., complaining of the defendants The City of New York, Detective Charles

Stewart (Shield # 2387; Tax # 929215) and Detective Albert Jackson (Shield # 3573; Tax

# 933969) (hereinafter collectively referred to as "the Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.        This is an action at law to redress the deprivation of rights secured to
          the plaintiff under color of statute, ordinance, regulation, custom,
          and/or to redress the deprivation of rights, privileges, and immunities
          secured to the plaintiff by the Fourth, Fifth, Sixth and Fourteenth
          Amendments to the Constitution of the United States, and by Title 42
          U.S.C. § 1983 [and §1985], [and arising under the law and statutes of
          the State of New York].

## JURISDICTION

2.        The jurisdiction of this Court is invoked pursuant to 42 U.S.C.
          Section 1983, 28 U.S.C. Section 1343, 28 U.S.C. Section 1331, and
          under the Fourth, Fifth, Sixth and Fourteenth Amendments to the
          United States Constitution.

3.        As the deprivation of rights complained of herein occurred within the
          Eastern District of New York, venue is proper in this district pursuant
          to 28 U.S.C. §1391 (b) and (c).

## SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

4.      All conditions precedent to the filing of this action have been complied with. On November 7, 2011, within ninety days after the claims alleged in this complaint arose, a written notice of claim, sworn to by the plaintiff and/or his representative, was served upon the defendant City of New York, by delivery of the notice to the person designated by law as one to whom a summons issued against such party may be delivered in an action in the applicable Courts. The plaintiff's claim was assigned the number 2011PI037584 by the City of New York's Comptroller's office.

5.      At least thirty days have elapsed since the service of the above-mentioned notice of claim, and adjustment or payment of the claim has been neglected and/or refused.

This action, pursuant to New York State and City Law, has been commenced within one year after the happening of the event upon which the claim is based.

<u>THE PARTIES</u>

6.      Plaintiff is a citizen of the United States, resident in Kings County, New York State. Plaintiff is a black male of full age.

7.      At all relevant times, defendants Detective Charles Stewart (Shield # 2387; Tax # 929215) and Detective Albert Jackson (Shield # 3573; Tax # 933969) (hereinafter "defendant officers") were law enforcement officers employed by the Police Department of the City of New York ("NYPD").

8.      At all times herein, defendant officers were employed as law enforcement officers of the City of New York, State of New York, and were acting under the color of their official capacity and their acts were performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were the servants, agents, and employees of their co-defendant, the City of New York, so that their acts are imputed to the City of New York and the NYPD.

9.      At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers through its Police Department, namely the NYPD, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

10.     Plaintiff sues all defendants in their individual and official capacities.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11.     On or about August 16, 2011 at approximately 03:00 p.m., directly in front of the front doorway to the building that the plaintiff resides within, specifically 86 East 94th Street, Brooklyn, New York 11212 (hereinafter "subject premises"), the plaintiff was falsely arrested and/or caused to be arrested without probable cause by the defendant officers of, upon information and well founded belief, the Narcotics Borough Brooklyn South Command of the Police Department of the City of New York.

12.     That immediately before the arrest, the plaintiff, who had been at home all day, was engaged in a conversation with two of his neighbors, namely Tyrone Smith and Joanne Cobbs, when they were approached by the defendant officers (both African-American males), who at the time were dressed in Mufti.

13.     The defendant officers asked Mr. Smith and the plaintiff if they lived in the subject premises, and they both answered in the affirmative.

14.     One of the defendant officers then put his hands in the plaintiff's pocket, and asked him for identification.

15.     The plaintiff informed the defendant officers that he did not have identification on him at that time.

16.     The plaintiff was then placed in handcuffs by the defendant officers.

17.     The handcuffs were maliciously secured too tightly to the plaintiff's wrists by the defendant officers, causing lacerations and bruising, and resulting in pain, suffering and numbness.

18.     The plaintiff's complaints about the maliciously tightly secured handcuffs were wickedly ignored by the defendant officers.

19.     After being arrested, the plaintiff asked why he was being arrested.

20.     The plaintiff was told by the defendant officers not to "play stupid" and claimed that they had observed him earlier in the day, at approximately 12:00 p.m., in an illegal drug transaction.

21.     The plaintiff informed the defendant officers that they were wrong because, firstly, he was not a drug dealer and had never sold drugs in his life, and that secondly, the first time he had left his residence that day was approximately 15 minutes before he was arrested.

22.     As such, the plaintiff informed the defendant officers that he could not possibly be the person that the defendant officers claimed to have observed in an illegal drug transaction earlier that day.

23.     The defendant officers told the plaintiff to "shut up" because they had video evidence of the plaintiff engaging in a drug transaction earlier that day, and they would show him the purported video tape when they arrived at the precinct.

24.     The plaintiff was then transported to the 67th police precinct by the defendant officers.

25.     Upon arrival at the 67th precinct the plaintiff was placed in a jail cell.

26.     The plaintiff was "processed" or otherwise fingerprinted and photographed at the 67th precinct.

27.     At approximately 10:00 p.m. on August 16, 2011, the plaintiff was transported to "Central Booking", situated within the Kings County Criminal Courthouse building located at 120 Schemerhorn Street, Brooklyn, New York 11201.

28.     The plaintiff was "processed" or otherwise fingerprinted and photographed at "Central Booking".

29.     At approximately 06:30 p.m. on August 17, 2011, the plaintiff was released, and told he was free to leave.

30.     The plaintiff was released without charge after the Kings County District Attorney's office had declined to prosecute the plaintiff.

CAUSE(S) OF ACTION: FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C § 1983/NEW YORK STATE LAW

31.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 30 of this complaint as though fully set forth herein.

32.     The arrest, detention and imprisonment of plaintiff were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest or subsequent detention.

33.     As a result of plaintiff's false arrest and imprisonment, he has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know him, was prevented from attending to his necessary affairs, and has been caused to incur legal expenses, and has been otherwise damaged in his character and reputation.

34.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

35.     The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

36.     This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

CAUSE OF ACTION: UNLAWFUL SEARCH UNDER 42 U.S.C § 1983

37.     By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 36 of this complaint as though fully set forth herein.

38.     Following the plaintiff's arrest, the defendants searched and/or strip searched the plaintiff, without any individualized reasonable suspicion that he was concealing weapons or contraband.

39.     As a result of the foregoing, the plaintiff was subjected to illegal and improper searches.

40.     The foregoing unlawful searches violated the plaintiff's constitutional right to privacy, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

41.     As a consequence of said defendants' actions, the plaintiff suffered humiliation, mental anguish, depression, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

<u>CAUSE OF ACTION: FAILURE TO INTERVENE UNDER 42 U.S.C § 1983</u>

42.     By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 41 of this complaint as though fully set forth herein.

43.     Each and every individual defendant had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation to his constitutional rights, as more fully set forth above.

44.     The individual defendants failed to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights, despite having had a realistic and reasonable opportunity to do so.

45.     As a consequence of said defendants' actions, plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

CAUSE OF ACTION AGAINST ALL DEFENDANTS: FALSE ARREST, FALSE
IMPRISONMENT, AND UNLAWFUL SEARCH PURSUANT TO ARTICLE 1,
SECTION 12, OF THE NEW YORK STATE CONSTITUTION

46.     By this reference, the plaintiff incorporates each and every allegation
        and averment set forth in paragraphs 1 through 45 of this complaint
        as though fully set forth herein.

47.     The above-described respective arrest, search, detention,
        imprisonment and prosecution of the plaintiff were without just or
        probable cause and without any warrant or legal process directing or
        authorizing the plaintiff's arrest or subsequent detention.

48.     As a result of the plaintiff's above-described false arrest, search,
        imprisonment and prosecution, he was caused to suffer humiliation,
        great mental and physical anguish, embarrassment and scorn among
        those who know him, was prevented from attending to his necessary
        affairs, and has been otherwise damaged in his character and
        reputation.

49.     Consequently, the plaintiff has been damaged and hereby demands
        compensatory and punitive damages in an amount to be proven at
        trial against each of the defendants, individually and severally.

50.     The defendant officers were at all material times acting within the
        scope of their employment, and as such, the defendant City is
        vicariously liable for the defendant officers acts as described above.

CAUSE OF ACTION: EXCESSIVE FORCE UNDER 42 U.S.C § 1983

51.     By this reference, the plaintiff incorporates each and every allegation
        and averment set forth in paragraphs 1 through 50 of this complaint
        as though fully set forth herein.

52.     The level of force employed by the defendant officers was
        objectively unreasonable and in violation of the plaintiff's
        constitutional rights.

53.     As a result of the aforementioned conduct of the defendant officers, the plaintiff was subjected to excessive force, resulting in physical injuries, and pain and suffering.

54.     As a consequence of the defendant officers' actions, the plaintiff suffered physical injuries, pain and suffering, and the plaintiff's constitutional rights were violated.

55.     The plaintiff hereby demands compensatory damages and punitive damages against the defendant officers, in an amount to be determined at trial.

CAUSE OF ACTION: ASSAULT AND BATTERY

56.     Plaintiff repeats and realleges paragraphs 1 through 55 as if each paragraph is repeated verbatim herein.

57.     At the time of the plaintiff's arrest by the defendant officers, the plaintiff did not challenge nor resist the defendant officers, nor engage in any threatening behavior towards the defendant officers.

58.     However, as set forth above, the defendant officers assaulted the plaintiff, battered the plaintiff, and subjected the plaintiff to excessive force and summary punishment.

59.     The defendant officers were at all material times acting within the scope of their employment.

60.     Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against the defendant officers and the City, individually and severally.

61.     The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

62.     This action, upon information and belief, falls within one or more of the exceptions of CPLR 1602.

<u>CAUSE OF ACTION: MUNICIPAL LIABILITY UNDER 42 U.S.C § 1983</u>

63.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 62 of this complaint as though fully set forth herein.

64.    The defendants arrested and incarcerated the plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize the plaintiff's liberty, well-being, safety and constitutional rights.

65.    The acts complained of were carried out by the individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

66.    The defendant officers acted under color of law, in their official capacity, and their acts were performed pursuant to the customs, policies, usages, practices, procedures and rules of the City of New York and its police department.

67.    The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and its police department include, but are not limited to the following unconstitutional practices:

a. Wrongfully arresting individuals on the pretext that they are/were involved in illegal vice transactions;

b. manufacturing evidence against individuals allegedly involved in illegal vice transactions;

c. unlawfully searching detainees and/or their property in the absence of any reasonable suspicion that said individuals were concealing weapons or contraband;

d. and arresting innocent persons in order to meet "productivity" goals (i.e. arrest quotas).

68.    The aforesaid event was not an isolated incident.  The City and its police commissioner has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding

officers incredible as a matter of law, that a disturbing number of their police officers unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the City and its police commissioner have allowed policies and practices that allow the aforementioned to persist.

69.    For example, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them.  In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB.  The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

70.    The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct.  The NYPD Department Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under-utilized.  Furthermore, in the extraordinarily rare event, such as the matter at bar, that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce

the discipline against such an officer, which has been done on many occasions.

71.     Further, the City and its police commissioner have no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct.  Without this notification, improper search and seizure practices and incredible testimony go uncorrected.

72.     Additionally, according to a report of the New York City Bar Association issued in 2000, the City and Kelly have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions.  Alan Hevesi, as New York City Comptroller, in 1999 reported that there was a "a total disconnect" between the settlements of even substantial civil claims and police department action against officers.

73.     The existence of the aforesaid unconstitutional customs and policies may also be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals".

74.     Furthermore, the existence of the aforesaid unconstitutional customs and policies may also be inferred from the ruling (Docket entry 32) of the Court (Eastern District of New York), in the case(s) of Jose Colon v. City of New York, et al (09-cv-8) and Maximo Colon v. City of New York, et al (09-cv-9), wherein the Court stated, *inter alia*, that "*Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the New York City Police Department*", and that "*there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving the illegal conduct of the kind now charged*".

75.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York, constituted a deliberate indifference to the safety, well-being and constitutional rights of all defendants, including but not limited to the plaintiff; were the proximate cause of, and moving force behind, the constitutional violations suffered by the plaintiff as alleged herein, and deprived plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States:

(a)     The right of the plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

(b )     The right of the plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States.

(c)     The right to be free from unreasonable detention and/or continued detention without probable cause in that the plaintiff was detained.

76.     As a result of the actions of the defendants, the plaintiff was deprived of his rights, privileges, and immunities secured by the United States Constitution, in particular, the Fourth, Fifth, and Fourteenth Amendments, in contravention of 42 USC §1983 and the laws of New York State, and New York City without just or legal cause when defendant City, by its employees and/or agents unlawfully arrested and imprisoned the plaintiff thereby depriving him of his liberty without due process of law.

77.     The defendant officers were the actual agents of the defendant City of New York and were following the customs, practices, ordinances and/or regulations of the City of New York when they violated the plaintiff's constitutional and civil rights, and the City of New York is therefore responsible for their acts, and liable to the plaintiff for the damages he suffered.

78.    The actual principal/agent relationship between defendant City and the defendant officers was created by the fact they were employees of defendant City, and the City had the right to, and it did indeed regulate and control the activities and conduct of the defendant officers.

79.    The defendant officers actions were vicious, wicked, cold-hearted, intentional, malicious, unwarranted and in violation of the law. The individual defendants had full knowledge that the charges made before the Court against the plaintiff were false and untrue.

WHEREFORE, plaintiff respectfully prays judgment as follows:

1.    For compensatory damages against all defendants in an amount to be proven at trial;

2.    For exemplary and punitive damages against all defendants in an amount to be proven at trial;

3.    For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

4.    For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
          November 24, 2012

                                        LAW OFFICES OF WALE MOSAKU, P.C.

                                        By:              /s/

                                        Wale Mosaku (AM5872)
                                        Attorney for the Plaintiff
                                        25 Bond Street, 3rd Floor
                                        Brooklyn, N.Y. 11201
                                        (718) 243-0994

Camiel Richards, Esq.
Assistant Corporation Counsel
City of New York Law Department
Attorney(s) for Defendants
100 Church Street
New York, N.Y. 10007

(212) 676-8580

Detective Charles Stewart (Shield # 2387; Tax # 929215)
Defendant Pro Se
New York City Police Department
Narcotics Borough Brooklyn South
One Police Plaza, Room 1100
New York, New York 10038

Detective Albert Jackson (Shield # 3573; Tax # 933969)
Defendant Pro Se
New York City Police Department
Narcotics Borough Brooklyn South
One Police Plaza, Room 1100
New York, New York 10038